

U.S. Department of Justice

Southern District of New York
*The Silvio J. Mollo Building*
United States Attorney

---

*One Saint Andrew's Plaza*
*New York, New York  10007*

May 6, 2008

**BY FACSIMILE AND HAND DELIVERY**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 640
New York, New York  10007

        Re:    United States v. Plutarco Angulo-Aguirre et al.,
                S4 07 Cr. 387 (CM)

Dear Judge McMahon:

        The Government writes in reply to defendants' May 2, 2008 responses to the Government's April 15, 2008 letter providing notification of its intention to introduce evidence at trial of other charged and uncharged crimes, wrongs, or acts committed by defendants.

**I.**    **Evidence of Uncharged Crimes Is Admissible As Direct Evidence of the Charged Conspiracy and as Background Evidence under Rule 404(b)**

        The Government seeks to introduce at trial evidence regarding numerous other truck thefts, warehouse burglaries, and attempted hijackings committed by defendants Angulo-Aguirre, Victor Diaz, Rodriguez, and Cedeno.  See Apr. 15, 2008 Gov't Letter, at 3-4. Defendants oppose the introduction of this evidence primarily because they allege that the Government has not sufficiently explained why the evidence is relevant, inextricably intertwined with the charged crimes, or necessary as background evidence, so as to justify its admission under the governing legal standards.

        As set forth in the Government's initial submission, defendants' uncharged crimes are admissible as direct evidence because they are absolutely essential to "complete the story of the crime[s] on trial" and because they "arose out of the same transaction or series of transactions as the charged offense[s]."  United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000).  Moreover, the evidence of uncharged crimes is separately admissible as background evidence under Rule 404(b) because it helps to explain the development of the "criminal relationship" and "mutual trust" among the co-conspirators.  United States v. Pipola, 83 F.3d 556, 565-66 (2d Cir. 1996).

The Honorable Colleen McMahon
May 6, 2008

       Beginning in approximately July 2006, defendants embarked on a crime spree that lasted approximately six months. During that time, defendants committed the three charged armed robberies/kidnappings. Both before and after the charged crimes, defendants worked together as a crew to commit other crimes similar to the charged crimes. They stole numerous trucks, several of which contained perfume and cosmetic products (two of the trucks that the Indictment charges the defendants with hijacking). They burglarized warehouses (including the perfume warehouse from which the first hijacked truck departed). Stolen goods were sold to the several of the same fences as were the goods stolen during the charged crimes. They drove around the tri-state area on multiple occasions, armed with guns and flex cuffs, following trucks with the intention to overtake and rob them. Three of these trips were successful – and resulted in the three charged robberies/kidnappings. These other crimes cannot be separated from the story of the crimes on trial. The jury will not understand how this group of defendants came to operate with and trust each other unless it is permitted to hear about the thefts, burglaries, and attempted hijackings they committed together, which preceded and followed each of the charged crimes, and are part of a singular series of transactions encompassing the charged crimes. The jury will not understand why these defendants knew how to commit the charged crimes unless they know that this group of defendants had been stealing trucks and committing burglaries together both before and after the charged crimes.

       Omitting the proffered uncharged crimes from the testimony at trial would be confusing and misleading to the jury, and would prevent the Government from being able to prove how the charged conspiracies began, and how they operated. Additionally, omitting such evidence would force the Government's cooperating witnesses to give incomplete and inaccurate accounts of many of the bad acts in which they were involved, and would serve to further confuse and mislead the jury.

       Finally, defendant Angel Diaz renews his severance motion because he is not specifically mentioned in any of the uncharged crimes the Government has proffered as evidence. (May 2, 2008 Fufidio Letter, at 1-2.) The Court has already denied Angel Diaz's severance motion, and should adhere to its prior ruling. As the Court noted in its opinion, severance in this case would result in a waste of judicial resources, and any prejudicial spillover that might result from the presentation of evidence against other defendants can be cured by limiting instructions to the jury. See United States v. Plutarco Angulo-Aguirre et al., No. S4 07 Cr. 387 (CM), Mar. 14, 2008 Decision and Order, at *8. Additionally, a limiting instruction in this situation would be particularly easy for the jury to follow, given that it will pertain to only one of the five defendants.

The Honorable Colleen McMahon
May 6, 2008

## II.    Evidence of Prior Convictions and Arrests Under Rules 404(b) and 609

The Government will reply to each defendant's arguments regarding the admissibility of their prior convictions in turn.

### 1.    Plutarco Angulo-Aguirre

Although defendant Angulo-Aguirre asserts that his prior convictions are not probative of truthfulness and therefore should not come in during cross-examination under Rule 609 (May 2, 2008 Braverman Letter, at 3-5), he does not appear to oppose the Government's introduction of those convictions in its case-in-chief under Rule 404(b).  Nor is this surprising.  Both of Angulo-Aguirre's prior convictions proffered as evidence by Government involve his prior theft of expensive merchandise from trucks.  The evidence at trial will show that Angulo-Aguirre served as an organizer and supervisor of the crew that committed the charged crimes; he scoped out the trucks and warehouses to be targeted; he assembled the robbery crews; and he directed his co-conspirators' actions.  These prior convictions are directly relevant to showing that Angulo-Aguirre had the requisite knowledge, intent, and opportunity to commit the charged crimes.  His two prior convictions involving truck theft are therefore admissible under Rule 404(b).  See, e.g., United States v. Thomas, 54 F.3d 73, 81-82 (2d Cir. 1995) (allowing evidence of prior conviction on charge of transporting stolen money orders in interstate commerce where it demonstrated knowledge and intent with respect to money orders at issue in case on trial).

With respect to Angulo-Aguirre's opposition to the Government's introduction of these convictions as probative of truthfulness under Rule 609 if the defendant testifies, the Government does not intend to cross-examine the defendant about these convictions, since they are more than ten years old.

### 2.    Rafael Rodriguez

Rodriguez opposes introduction of his prior conviction for criminal possession of a weapon in the third degree by asserting that he "will raise no claim of knowledge, accident, or mistake with respect to the issues of the use of weapons."  (May 2, 2008 Rinaldo Letter, at 3.)  His defense at trial apparently will be that he did not commit the charged crimes at all.  (See id.)  In order to forestall the admission of their prior crimes in the Government's case-in-chief, defendants must clearly and unequivocally remove knowledge and intent from the case:

> 'When the Government offers prior act evidence to prove an issue, counsel must express a decision not to dispute that issue with sufficient clarity that the trial court will be justified (a) in sustaining objection to any subsequent cross-examination or jury argument that

The Honorable Colleen McMahon
May 6, 2008

> seeks to raise the issue and (b) in charging the jury that if they find all the other elements established beyond a reasonable doubt, they can resolve the issue against the defendant because it is not disputed.'

United States v. Nachamie, 101 F. Supp.2d 134, 138-39 (S.D.N.Y. 2000) (quoting United States v. Figueroa, 618 F.2d 934, 942 (2d Cir. 1980); see also United States v. Colon, 880 F.2d 650, 659 (2d Cir. 1989) ("[T]o take such an issue out of a case, a defendant must make some statement to the court of sufficient clarity to indicate that the issue will not be disputed," and he may "not purposely use ambiguity tactically, seeking to gain the one advantage of barring the admission of prior acts evidence by proffering a particular defense theory, only to later seek the additional advantages stemming from arguing lack of intent to the jury.").

Even if Rodriguez is prepared clearly and unequivocally to remove the issues of intent, knowledge, and absence of mistake or accident from the case with respect to the armed robbery, kidnapping, and firearms offenses charged, he still will not have removed the issue of opportunity from the case. A defendant's possession of firearms in the past is permissible to demonstrate opportunity to commit the charged offense, since the Government is entitled to prove through the introduction of the defendant's prior firearms conviction that the defendant had access to firearms and was familiar with how to operate them. See United States v. Robinson, 560 F.2d 507, 513 (2d Cir. 1977) (en banc) ("[D]efendant's possession of the gun was also admissible under FRE 404 on the independent ground that it tended to show that he had the 'opportunity' to commit the bank robbery, since he had access to an instrument similar to that used to commit it.").

Additionally, should the defendant testify, his 1996 felony weapons possession conviction and his 1996 felony conviction for criminal possession of a controlled substance in the third degree are both admissible for impeachment purposes, because he was incarcerated for those convictions during the 10-year period prescribed by Rule 609(b), and because those prior convictions are no more sensational than the charged crimes.

    **3.**    **Angel Diaz**

Angel Diaz opposes the introduction of his prior convictions, asserting that "[i]t is clear that [Angel Diaz] does not intend to argue lack of knowledge, intent, opportunity, or motive in connection with his charged conduct." (May 2, 2008 Fufidio Letter, at 3.) The analysis with respect to Angel Diaz is identical to that set forth above with respect to Rodriguez. Although Diaz asserts that he is prepared to remove the issues not just of intent, knowledge, and absence of mistake or accident, but also of opportunity, from the case, the issue of opportunity simply cannot be removed from the case short of a stipulation in which Angel Diaz acknowledges both access to firearms and knowledge of how to use them.

The Honorable Colleen McMahon
May 6, 2008

Additionally, should the defendant testify, his 1999 prior felony federal conviction for passing and possession of counterfeit United States obligations; his 2001 prior felony conviction for grand larceny; and his 2006 prior felony convictions for criminal possession of a weapon in the second and third degrees, assault in the second degree, and reckless endangerment in the first degree, are each admissible for impeachment purposes, because those convictions are within the 10-year period prescribed by Rule 609(b), and because those prior convictions are no more sensational than the charged crimes.

### 4. Victor Diaz

Victor Diaz opposes the introduction of his prior convictions, and appears to make a similar argument to defendants Rodriguez, Angel Diaz, and Cedeno, stating that "[A] defendant's assertion that he did not do the crime at all does not place intent in issue, . . . nor does it raise any issue with respect to knowledge, accident, or mistake." (May 2, 2008 Burke Letter, at 5.)  If Victor Diaz is prepared clearly and unequivocally to remove the issues of opportunity, intent, knowledge, and absence of mistake or accident from the case with respect to the armed robbery and kidnapping offenses charged, then the Government will not seek to offer his prior convictions unrelated to this case against him in its case-in-chief.  However, should the defendant put these matters in issue at any point during the trial, arguing, for example, that he lacked the knowledge and intent to commit the truck robberies at issue, the Government will seek once again to introduce the proffered evidence of Victor Diaz's multiple prior convictions for theft of merchandise from trucks to prove knowledge and intent under Rule 404(b).

Additionally, should the defendant testify, his 2003 felony conviction for grand theft in the third degree is admissible for impeachment purposes, because that conviction is within the 10-year period prescribed by Rule 609(b), and because that prior conviction is no more sensational than the charged crimes.[1]

### 5. Jorge Cedeno

Jorge Cedeno opposes the introduction of his prior convictions, and appears to make a similar argument to defendants Rodriguez, Angel Diaz, and Victor Diaz, stating that "[A] defendant's assertion that he did not do the crime at all does not place intent in issue, . . . nor does it raise any issue with respect to knowledge, accident, or mistake." (May 2, 2008 Calhoun

---

[1] It should be noted that Victor Diaz misidentifies his prior convictions on page 8 of his letter. The convictions Victor Diaz identifies are, in fact, Cedeno's prior convictions.  Victor Diaz's prior convictions and arrests are set forth on pages 8 and 9 and footnote 7 of the Government's April 15, 2008 letter.

The Honorable Colleen McMahon
May 6, 2008

Letter, at 6.)

As argued with respect to Rodriguez and Angel Diaz, even if Cedeno is prepared clearly and unequivocally to remove the issues of intent, knowledge, and absence of mistake or accident from the case with respect to the armed robbery, kidnapping, and firearms offenses charged, he still will not have removed the issue of opportunity from the case. A defendant's possession of firearms in the past is permissible to demonstrate opportunity to commit the charged offense, since the Government is entitled to prove through the introduction of the defendant's prior firearms conviction that the defendant had access to firearms and was familiar with how to operate them. See Robinson, 560 F.2d at 513.

Additionally, should the defendant testify, his 1997 felony conviction for robbery in the first degree is admissible for impeachment purposes, because Cedeno was incarcerated for that convictions during the 10-year period prescribed by Rule 609(b), and because that prior conviction is no more sensational than the charged crimes.

**III.    Angulo-Aguirre's Additional Motions Should Be Denied**

Defendant Angulo-Aguirre makes a number of additional motions. Specifically, he moves to preclude admission of co-conspirator statements, for disclosure of Brady, Giglio and Jencks Act material, and for disclosure of informant-related information. (See May 2, 2008 Braverman Letter, at 6-24.) Angulo-Aguirre already made these motions, among others, by his previous counsel in his brief of August 22, 2007. (See Angulo-Aguirre Aug. 22, 2007 Mot., at 15-19.) The Government responded to those motions by its briefs of September 6, 2007 and February 26, 2008 and the Court denied the motions by its March 14, 2008 Decision and Order. These motions should not be entertained for a second time. To the extent they are, the Government relies on the arguments set forth in its previous briefs.

With respect to Angulo-Aguirre's motion for individualized voir dire by defense counsel (see May 2, 2008 Braverman Letter, at 7-8), the Government sees no reason to deviate from the standard practice in this district of having the judge conduct all voir dire. Angulo-Aguirre's assertion that Batson issues can be more readily addressed through individualized voir dire by counsel is meritless. The issues that Angulo-Aguirre is concerned about can be addressed by appropriate inquiry, regardless of who does the inquiring. Individualized voir dire simply

The Honorable Colleen McMahon
May 6, 2008

provides an early opportunity for counsel to establish a relationship or rapport with the jurors, which is not a basis upon which the jury should be encouraged to decide the case.

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York


By:    \_\_\_\_\_/s/_____
        Nola B. Heller/Michael A. Levy
        Assistant United States Attorneys
        (212) 637-2631/2346


cc (by ECF):  Sam Braverman, Esq. (Attorney for Plutarco Angulo-Aguirre)
                   Paul P. Rinaldo, Esq. (Attorney for Rafael Rodriguez)
                   George E. Fufidio, Esq. (Attorney for Angel Diaz)
                   Michael K. Burke, Esq. (Attorney for Victor Diaz)
                   Clinton W. Calhoun III, Esq. (Attorney for Jorge Cedeno)